decision of the court the defendant then excepted * * *."

■ The court's comment shown in the bill was clearly in violation of Art. 707, Vernon's Ann.C.C.P., which provides:

"In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceedings previous to the return of a verdict, make any remark calculated to convey to the jury his opinion of the case."

■ The court by his comment vouched for the credibility of the witness Harrison and bolstered his testimony. The witness, in addition to giving other testimony damaging to appellant, swore positively that appellant consented to the search. Such testimony was upon a material issue in the case. Under the record, the court's comment was clearly prejudicial to appellant and calls for a reversal of the conviction. See: 42 Tex. Jur. 193, sec. 149; McCool v. State, 159 Tex.Cr.R. 432, 264 S.W.2d 734.

For the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the court.

WOODLEY, Presiding Judge (dissenting).

I do not agree that the court's reference to Agent Harrison as "an authority on the subject" warrants reversal.

The remark was made in ruling upon the objection to any testimony as to anything done or said in appellant's cafe unless a proper predicate was laid. The objection that the comment vouched for the witness "in the presence of the jury" will not suffice as a certification that the remark was heard by the jury or was in fact made in the jury's presence.

If there was any harm to appellant in the court's remark, it was incumbent upon appellant to request an instruction from the court to the jury to disregard it. If appellant considered the harm such as could not be removed by any instruction, he should have moved the court to declare a mistrial.

**Ex parte Vernon Carruthers ADAMS.**

No. 33659.

Court of Criminal Appeals of Texas.

June 21, 1961.

No attorney for relator of record on appeal.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

Relator, serving a fifteen year sentence for robbery, presented application for writ of habeas corpus which was filed in Criminal District Court of Bexar County. Bench warrant issued and a hearing was had, and the evidence adduced was for-

warded to this Court. We consider the case as an original application for habeas corpus.

The evidence does not sustain the allegation relied upon by relator, which was that he was not represented by counsel upon his trial before the court on a plea of guilty. To the contrary, the evidence shows that relator was represented by court appointed counsel.

The application for writ of habeas corpus is denied.